Opinion of the Court, by
Judge Owsley.
THIS was a bill in equity, with injunction, exhibited by Hoover in the circuit court, to be relieved against a judgment which M’Kee had recovered at law upon a note for three hundred and fifty dollars.
The note is alleged to have been given for the purchase of some German servants, for a term to which the agents of M’Kee, at the time of making the sale, are charged to have represented that he was entitled, but to which it is alleged M’Kee had no right, and that, in consequence thereof, the Germans, after they were' received in the possession of Hoover, were discharged from servitude and set at.liberty by the judgment of a circuit judge, rendered on a writ of habeas corpus, sued out by them for tha< purpose.
It is also alleged, that after the Germans were discharged-,-MIKee was Informed thereof, and requested to restore them to Hoover; but-he refused to do so, and agreed toaccepfone third of the price which Hoover was to pay, asa satisfaction for the amount of the note.
The court below, on a final hearing, decreed a perpetual injunction against one hundred and fifty dollars of the judgment, and ordered M’Kee to pay costs.
(t) An indenture by a ^r ™o f" ser^ vico, cxecu-ted instate Sufficient’ consideration and in due „.ai 0y¡ga_ tion of servi-thlf; coun '
denture of service may aato^trans-fer tbo term, by observing |!*p® (,a by statute; but tf those be °k^rÍC<^ vighl does not pass.
There was no decree as to the residue of the judgment; nor was it necessary, tinder the state of there-cord, that there should have been. Except (ho one hundred and fifty dollars, the judgment had been discharged by Hoover, under an agreement with M’Kee, that it should not be drawn in question, and of course was not a matter proper to be noticed in the decree.
But with respect to the one hundred and fifty dollars perpetually enjoined, the principle is not discerned, upon which the decree can be sustained.
(1) It is admitted by M’Kee, that the note was exe-dited by Hoover for the purchase of á term of service which his agents may have represented the Germans were under obligations to him to perform; and if, in making those representations, the agents ofM'Kee had practised a fraud upon Hoover, there might have been some colour for the application to a court of equity, But, from the evidence contained in the record, there is not the slightest pretext for the accusation of fraud. The representations which were made to Hoover by the agents, are not only proved to have, been made in good faith and an honest conviction of their truth, M’Kee’s right to the service of the Germans for the term represented, is indisputably established by the proof. He is proved to have become entitled to their service under a contract made in the State of Maryland, and in consideration of a full and valuable consideration paid by him, a written indenture for the term of service was actually and in due form executed by each of them. Such a contract undoubtedly, by the laws of this country, imposed upon the.Germans, after they arrived here, obligations of servitude; and of course, in representing to Hoover that M’Kee was entitled to their service, the agents were perfectly cor-rent.
(2) True, the Germans arc admitted to have been discharged from the service of Hoover by a judge, act-iiig upon a writ of habeas corpus; but they do not appear to have been discharged on the ground of any de-feet in M’Kee’s rigid to their service when the contract was made with Hoover; they were discharged, in all probability, in consequence of Hoover not having gain-•id by the contract with M’Kee, a legal investment bis right. The act of the legislature of this country requires particular ceremonies to be observed in the *34 assignment of indentures for service, which were not observed in transferring the indentures held by M’Kee, and it was upon that ground that Hoover was beid to have no legal right to the service of the Germans.
(3) Tho oMi-gation given tLn^fiina-'10 greement tó assign the tenn of m-wants, is not •affeotod, bo-cause in the niafcePthe° transfer in s'red10^6 t\°o assTo-nec/ the servants were liberated.
Sharp, attorney-general, for plaintiff; Haggm, 8lc° for defendant.
(3) But if Hoover acquired no legal right to their service, it may possibly be said, that the consideration 0f his purchase has failed, and he ought not, in equity, compelled tó pay. It should, however, be remarked, that the transfer was made of the indentures ‘to Hoover, in the mode desired by him; and if, owing to a irregularity in that transfer, he has sustained au the loss snould not tail upon iVL’Ilec. lie.re-ceivcd the indentures held by M’Kce, and accepted a re-acknowledgment of them by the Germans, after the name of M’Kee was stricken out* and his substituted, By thus accepting and causing to be altered, the indentures, Hoover has deprived M’Kce of the means either of making a legal transfer or resuscitating his right to the service of the Germans* and ought not now to be permitted, in a court of equity, to throw the loss on him.
And with respect tó the alleged agreement of M’Kce, to ac'cep-t one third of the amount in satisfaction of the entire amount of'the note, it need only be remarked, that the allegation is denied by M’Kee, and altogether unsupported by the evidence in the cause.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and the bill dismissed,and the injunction dissolved with costs; but, under an agreement made by the parties and of record in this case, no damages arc to be awarded.